IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ROWLAND DANIEL LEMKE,<br>*as Independent Administrator of the*<br>*Estate of John David Lemke, Deceased,*<br><br>**Plaintiff,**<br><br>vs.<br><br>TRAVIS J. ALLEN,<br>UNKNOWN JEFFERSON COUNTY<br>CORRECTIONAL OFFICERS,<br>UNKNOWN JEFFERSON COUNTY<br>EMPLOYEES, COUNTY OF<br>JEFFERSON, ADVANCED<br>CORRECTIONAL HEALTHCARE,<br>INC., CHARLES PAULIUS, CHERYL<br>BROWN, DAN E. WILLIAMS,<br>and UNKNOWN ADVANCED<br>CORRECTIONAL HEALTHCARE, INC.<br>EMPLOYEES,<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 18-cv-01883-JPG |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

This matter comes before the Court for consideration of a Motion for Summary Judgment (Doc. 33) filed by Defendants Travis J. Allen, County of Jefferson, Unknown Jefferson County Employees, Unknown Jefferson County Sheriff's Employees, and Unknown Jefferson County Correctional Officers on May 9, 2019. Defendants seek dismissal of Counts 1, 2, and 4 based on John David Lemke's failure to properly exhaust his administrative remedies before this suit was filed on behalf of his estate on August 8, 2018. (*Id.*). Plaintiff Rowland Lemke filed a Response on June 7, 2019. (Doc. 38). Defendants filed a Reply on June 20, 2019. (Doc. 41). For the reasons set forth below, Defendants' Motion for Summary Judgment shall be **DENIED**.

1

# RELEVANT FACTS[1]

Plaintiff Rowland Lemke, the Independent Administrator of the Estate of John David Lemke, filed this action in the Circuit Court of the Second Judicial Circuit in Jefferson County, Illinois on August 8, 2018. (Doc. 1). Plaintiff claims that his son, John David Lemke, suffered from a chronic, severe cough during his incarceration at Jefferson County Jail.[2] (Doc. 1-2; Doc. 45). Jail officials allegedly failed to treat Lemke's underlying lung condition between February 2016 and his release on August 9, 2016. (*Id.*). He died of sepsis two days later. (*Id.*).

In February and May 2016, Lemke complained of a cough that was present for more than three weeks to Nurse Brown and Williams. (Doc. 1-2, ¶ 15; Doc. 45, ¶ 15). He submitted a Resident Request Report seeking treatment for his ongoing cough and what he described as "strep" on May 25, 2016. (Doc. 1-2, ¶ 16; Doc. 45, ¶ 16). On May 31, 2016, he complained of a chronic sore throat to Nurse Brown and Doctor Paulius. (Doc. 1-2, ¶ 17; Doc. 45, ¶ 17).

On August 9, 2016, Lemke was released from Jail and taken to Crossroad Community Hospital. (Doc. 1-2, ¶ 18; Doc. 45, ¶ 18). Due to his dire situation, he transferred to Good Samaritan Hospital the same day. (*Id.*). Lemke died of severe sepsis resulting from a lung abscess on August 11, 2016. (Doc. 1-2, ¶ 19; Doc. 45, ¶ 19).

Plaintiff filed this suit on August 8, 2018 (Doc. 1-2), and he has since filed an Amended Complaint (Doc. 45). He brings claims for constitutional rights violations under 42 U.S.C. § 1983 and for various violations of Illinois state law arising from the denial of medical care and ultimate death of John David Lemke. Relevant to the pending Motion for Summary Judgment, Plaintiff is proceeding with a claim of medical deliberate indifference under the Eighth and/or Fourteenth

---

[1] The following facts are taken from the record and presented in the light most favorable to Plaintiff, who is the non-moving party. All reasonable inferences are drawn in Plaintiff's favor. *See Ricci v. DeStefano*, 557 U.S. 557, 585 (2009).
[2] Lemke was housed at the Jail at various times between August 2015 and August 9, 2016. (*Id.*).

Amendment(s) against all defendants (Count 1). (Doc. 1-2; Doc. 45). He is proceeding with a claim under the Illinois Wrongful Death Act against Jefferson County Officers, Jefferson County Employees, and Jefferson County Sheriff's Employees (Count 2). (*Id*.). He is proceeding with a *Monell* claim against the Sheriff and Jefferson County (Count 4).[3] (Doc. 1-2).

On May 9, 2019, Defendants filed a Motion for Summary Judgment on the Issue of Exhaustion. (Doc. 33). They seek dismissal of Counts 1, 2, and 4 based on Lemke's failure to properly exhaust his available administrative remedies at the Jail before Plaintiff filed suit. Defendants maintain that Lemke took no steps to grieve the denial of medical care for his underlying lung condition at the Jail. Having failed to do so, they argue that Plaintiff is barred from bringing suit by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

Plaintiff opposes Defendants' Motion for Summary Judgment. (Doc. 38). He argues that the PLRA's exhaustion requirement is inapplicable to this suit because Plaintiff is not a prisoner. (*Id*. at pp. 1-5). He is an independent administrator of the Estate of John David Lemke. (*Id*.). Plaintiff asks the Court to find that the PLRA's exhaustion requirement does not extend into this context. (*Id*.). The Court agrees with Plaintiff.

## LEGAL STANDARD

Summary judgment is appropriate only when the moving party can show "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celetex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party has the burden of establishing that no material facts are genuinely disputed. *Lawrence v. Kenosha Cty.*, 391 F.3d 837, 841 (7th Cir. 2004). Any doubt about the existence of a genuine issue must be resolved in favor of the nonmoving party. *Id*.

---

[3] In the Amended Complaint filed August 8, 2019, Count 4 is a claim for *respondeat superior* liability against these defendants, and Count 5 is a *Monell* claim against the same parties. (Doc. 45 at ¶¶ 33-40).

When presented with a motion for summary judgment, the Court does not decide the truth of the matters presented, and it cannot "choose between competing inferences or balance the relative weight of conflicting evidence." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Hansen v. Fincantieri Marine Grp., LLC,* 763 F.3d 832, 836 (7th Cir. 2014) (citations omitted); *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir 1994). The Court must instead "view all the evidence in the record in the light most favorable to the non-moving party and resolve all factual disputes in favor of the non-moving party." *Hansen*, 763 F.3d at 836. If the "evidence is such that a reasonable jury could return a verdict for the nonmoving party[,]" then a genuine dispute of material fact exists. *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016).

## ANALYSIS

The question here is whether the Prison Litigation Reform Act ("PLRA") imposes an exhaustion requirement on the independent administrator of the estate of a former inmate.

The plain language of the PLRA resolves this issue. Section 1997e contains an invigorated exhaustion requirement that applies to "all **prisoners** seeking redress for prison circumstances or occurrences." *Porter v. Nussle*, 534 U.S. 516, 520 (2002) (emphasis added). The PLRA provides, in pertinent part:

**Suits by Prisoners**

(a) Applicability of Administrative Remedies

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, **by a prisoner confined in any jail, prison, or other correctional facility** until such administrative remedies as are available are exhausted.

*See* 42 U.S.C. § 1997e(a) (emphasis added). "Prisoner" is defined in this section as "any person **incarcerated or detained in any facility** who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole,

4

probation, pretrial release, or diversionary program." *See* 42 U.S.C. § 1997e(h) (emphasis added). The Estate of John Lemke does not fall within this definition of "prisoner." Plaintiff, who is the independent administrator of the estate, also falls outside of this definition.

This finding is consistent with the Supreme Court and Seventh Circuit Court of Appeals' longstanding interpretation of the PLRA. Both Courts have found that the exhaustion requirement applies to prisoners and no one else. *See Porter*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001); *Johnson v. Daley*, 339 F.3d 582 (7th Cir. 2003) (stating that the Supreme Court has repeatedly "interpreted and enforced the PLRA's rule, 42 U.S.C. § 1997e(a), that prisoners (and only prisoners) must exhaust administrative remedies before filing suit under Section 1983"). The Seventh Circuit has taken the position that the PLRA, itself, leaves no room for misinterpretation:

> Just in case anyone might be tempted to equate 'prisoner' with 'ex-prisoner'—to think that prisoner refers to the plaintiff's status at the time of the injury rather than at the time the litigation begins . . . –the statute says that its object is a '*prisoner confined in* a jail, prison, or other correctional facility.' Then there is an explicit definition in § 1997e(h)
>
>> As used in this section, the term 'prisoner' means 'any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.'
>
> The statutory language does not leave wriggle room.

*Kerr v. Puckett*, 138 F.3d 321, 322 (7th Cir. 1998) (quoting 42 U.S.C. § 1997e(h) (emphasis in original)). For this reason, courts in this circuit have held that former inmates are not required to establish that they exhausted all available administrative remedies before bringing a lawsuit about the conditions of their confinement. *See, e.g., Minix v. Pazera*, 2007 WL 4233455 (N.D. Ind. 2007) (PLRA does not apply to prisoner who brought suit after being released because he was "no longer 'confined in a jail, prison, or other correctional facility'").

Given that a former inmate has no obligation to exhaust administrative remedies before bringing suit, it stands to reason that the independent administrator of the estate of a former inmate also has no obligation to do so. *See Tretter v. Pennsylvania Dep't of Corr.*, 558 F. App'x 155, 157 (3d Cir. 2014) (holding that exhaustion requirement does not apply to plaintiffs who file actions on behalf of deceased inmate). In this particular case, John Lemke was released from confinement two days before his death. At the time this suit was brought on August 8, 2018, John Lemke was not a prisoner. He was not even alive. The PLRA's exhaustion requirement in inapplicable to Plaintiff. *See Witzke v. Femal*, 376 F.3d 744, 750 (7th Cir. 2004); *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996) (the court must determine the prisoner's status on the date the suit or appeal is "brought" rather than at some other time). Defendants' Motion for Summary Judgment (Doc. 33) shall therefore be denied.

## DISPOSITION

**IT IS HEREBY ORDERED** that, for the reasons set forth herein, Defendants' Motion for Summary Judgment (Doc. 33) is **DENIED**.

**IT IS SO ORDERED**.

**DATED: 3/9/2020**                    s/J. Phil Gilbert
                                       **J. PHIL GILBERT**
                                       **United States District Judge**